# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **J&C MARKETING, LLC., et al.,** | ) | **CASE NO. 1:12CV1457** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **WILLIAM D. MASON, in his capacity as** | ) | |
| **Cuyahoga County Prosecutor,** | ) | |
| **Defendant.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court upon the Emergency Motion (ECF DKT #5) of Plaintiff, J&C Marketing, LLC ("J&C"), to Remand and the Emergency Motion (ECF DKT #6) of Intervening Plaintiffs, Cyber World Entertainment Corp. and A J & N, Inc., to Remand. For the following reasons, the Motions are granted and the above-captioned Complaint is remanded to Cuyahoga County Common Pleas Court.

## I. BACKGROUND

Plaintiff J&C filed a Verified Complaint against Defendant in Cuyahoga County Common Pleas Court on June 4, 2012, alleging a claim for declaratory judgment that its internet sweepstakes cafes are not subject to Ohio's gambling laws (Revised Code Sections 2915.02, 2915.03, and 2915.04); alleging violation of its commercial free speech rights under 42 U.S.C. § 1983; and seeking to enjoin Defendant from enforcing those laws against Plaintiff's operations. Plaintiffs, Cyber World and A J & N were granted leave to intervene on June 7, 2012. Plaintiffs allege that Defendant's threat of criminal prosecution forced them

to close their doors, all to their irreparable harm.

On June 5, 2012, Common Pleas Judge Nancy Margaret Russo held a hearing on J&C's request for a temporary restraining order. Due to the jurisdictional issues raised, Judge Russo set a pretrial for June 11, 2012 at 11:00 a.m., and ordered Defendant to respond to the petition for temporary restraining order or file a writ of prohibition with the Eighth District Court of Appeals by that date and time. Instead, Defendant filed a Notice of Removal with this Court on June 8, 2012. Defendant contends that this Court has original jurisdiction because Plaintiff's First Amendment violation claims arise under the Constitution and laws of the United States.

On June 9, 2012, Plaintiff filed its First Amended Verified Complaint for Declaratory Judgment, Temporary Restraining Order, Preliminary and Permanent Injunctive Relief. (ECF DKT #4). Plaintiff eliminated its sole federal claim under 42 U.S.C. § 1983. Intervening Plaintiffs, Cyber World and A J & N, assert that they have never alleged any federal claims against Defendant. With no remaining federal cause of action in the First Amended Complaint, Plaintiffs contend that this Court lacks original jurisdiction over the matter; and consequently, should not exercise supplemental jurisdiction over any state-based claims.

The Court conducted a Telephone Status Conference on the pending motions on June 11, 2012 at 10:45 a.m. After hearing a summary of the parties' positions, and upon review of all the pleadings and documents filed, the Court determines that remand is appropriate.

## II. LAW AND ANALYSIS

### Removal Jurisdiction and Remand

28 U.S.C. § 1441 "provides that an action is removable only if it could have initially

been brought in federal court." *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F.Supp. 1305, 1307 (E.D.Ky.1990).  The burden of establishing federal jurisdiction rests upon the removing party, i.e., the defendant.  *Alexander v. Electronic Data Systems Corp*., 13 F.3d 940, 949 (6th Cir.1994).  "Concern about encroaching on a state court's right to decide cases properly before it, requires this court to construe removal jurisdiction narrowly."  *Cole*, 728 F.Supp. at 1307 (*citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)).  "Where there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction."  *Walsh v. American Airlines, Inc*., 264 F.Supp. 514, 515 (E.D.Ky.1967); *see also Breymann v. Pennsylvania*, O. & D. R.R., 38 F.2d 209, 212 (6th Cir.1930).

"[D]efects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion at any stage of the proceedings."  *Curry v. U.S. Bulk Transport, Inc*., 462 F.3d 536, 539 (6th Cir. 2006); *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir.1988).  28 U.S.C. § 1447 (c) recites in pertinent part that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded."  (Emphasis added).

The Court acknowledges that the Complaint, as originally composed, recited a claim for federal civil rights violations brought pursuant to 42 U.S.C. § 1983.  However, Plaintiff J&C possessed the right to amend its Complaint once as a matter of course, without leave, pursuant to Fed.R.Civ.P. 15(a)(1).  The filing of the First Amended Verified Complaint, on June 9, 2012, changed the nature of Plaintiffs' action.  " A pleading that has been amended under Rule 15(a) supercedes the pleading it modifies and remains in effect throughout the

-3-

action unless it is subsequently modified.  Once an amended pleading is interposed, the

original pleading no longer performs any function in the case." *Broyles v. Correctional

Medical Services*, No. 1:07-cv-690, 2010 WL 989711 at *1 (W.D.Mich. Feb.25, 2010)

(quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice &

Procedure* § 1476, pp. 556-57 (2nd ed.1990)).  "It is well-established that an amended

complaint supercedes an original complaint and renders the original complaint without legal

effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir.2000).  *See also Parry v.

Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6th Cir.2000).

Therefore, once Plaintiff J&C filed its First Amended Verified Complaint on June 9,

2012, as it had the absolute right to do under Rule 15(a), no federal claim remained; and there

remained no basis for the Court to exercise supplemental jurisdiction over any state causes of

action.  The District Court has the discretion to remand pendent state-law claims if it would be

inappropriate to retain jurisdiction over the case.  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S.

343, 350 (1988).

Since removal is narrowly construed, and because the Court is obligated to remand an

action if at any time before judgment it appears that subject matter jurisdiction is lacking,

Plaintiffs' Motions (ECF DKT #5 and ECF DKT #6) are granted, and the above-captioned

case is remanded to Cuyahoga County Common Pleas Court.

**IT IS SO ORDERED.**

s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**DATED:  June 11, 2012**

-4-